```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of YVES BOUVIER
and MEI INVEST LTD. for an Order Pursuant to
28 U.S.C. § 1782 to Conduct Discovery for Use in
Foreign Proceedings.

Civil Action No. 15-mc-00312

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, on October 5, 2015, Petitioners Yves Bouvier and MEI Invest Ltd. ("Petitioners") filed the First Amended Petition and Application Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings (the "First Amended Petition"), dated October 5, 2015, seeking discovery in connection with litigations proceeding in Monaco and France, as described more fully in the First Amended Petition (together, the "Foreign Proceedings");

**WHEREAS**, Respondents Sanford Heller, the Heller Group, LLC and Sanford Heller Fine Art LLC (collectively "Respondents") objected;

**WHEREAS**, after oral argument held on December 8, 2015 before United States District Court Judge Denise L. Cote of the Southern District of New York ("SDNY"), Judge Cote issued an order dated December 11, 2015 denying the First Amended Petition, with the exception that:

> Petitioners shall be provided with a copy of the agreement governing respondent Sanford Heller's ("Heller") financial arrangement with Dimitry Rybolovlev ("Rybolovlev") and companies Rybolovlev controls, and of those non-privileged documents created before the date of that agreement that relate to Heller's involvement in the sale of the Modigliani work. [Petitioners] shall also be permitted a one-hour deposition of Heller concerning his personal interactions with Rybolovlev in December 2014 at Saint-Barthélemy.

(Docket No. 28, "SDNY Order" at 2);

**WHEREAS**, Judge Cote further ordered that the parties submit an agreed-upon final protective order by December 17, 2015. (Docket No. 22 at 1-2);

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties and their

respective counsel pursuant to 28 U.S. Code § 1782 and Federal Rule of Civil Procedure 26(c) as follows:

1. **Purposes And Limitations**

This Protective Order is intended to protect certain documents, things, and information (including all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule) ("Litigation Material"), that are produced or disclosed pursuant to the SDNY Order, and used (whether produced, disclosed, filed, or otherwise) in the Foreign Proceedings. Nothing in this Order shall require Respondents to produce any Litigation Material that is not otherwise required by the SDNY Order.

2. **Use of Litigation Material, Generally**

Litigation Material bearing the designation CONFIDENTIAL INFORMATION as defined in Section 4, below, shall be used exclusively in the Foreign Proceedings, and for no other purpose absent further order of the SDNY. The restrictions on use of Litigation Material as described herein apply equally to Litigation Material that includes excerpts, summaries, compilations, or other derivatives of CONFIDENTIAL INFORMATION as defined in Section 4 below. Regardless of designation, nothing herein shall prevent or in any way limit dissemination, use, or disclosure of any documents, things or information that are in the public domain or otherwise known by any of the Parties.

3. **Definitions**

a. "Copy" or "Copies" shall mean any depiction, reproduction, or sample of any document, material, tangible thing, audio or video tape, computer disk, flash drive, hard drive, or information, regardless of format, by photographic, scanning, imaging, recording, manual input,

or other electronic, magnetic, optical, or manual reproduction means.

b. "Counsel" shall mean the counsel for the Parties, including all regularly employed attorneys, staff, and clerical and support personnel affiliated with or employed by such outside counsel, as well as copy services, translators, and other similar vendors providing clerical or administrative support to such outside counsel.

c. "Party" or "Parties" shall mean Respondents and the parties to, and participants in, the Foreign Proceedings, including Petitioners, and their consultants, retained experts, and all support staff thereof. Each is a separate Party, regardless of corporate affiliation.

d. "Receiving Party" shall mean any Party to which Litigation Materials are produced, furnished, or disclosed pursuant to the SDNY Order.

e. "SDNY Order" shall mean the order entered December 11, 2015 by United States District Court Judge Denise L. Cote as Docket Entry 28 on the SDNY's ECF Docket assigned Case Number 15-mc-312.

## 4. Confidential Information Defined

"CONFIDENTIAL INFORMATION" shall mean Litigation Material that reflects or contains (i) confidential, proprietary, or commercially sensitive information; (ii) any information that is not generally known and that Respondents would not normally reveal to third parties or would require third parties to maintain in confidence; (iii) confidential information of a non-party that the Respondents are bound to maintain in confidence pursuant to a separate confidentiality agreement or court order and that the Responding Party is required to produce in response to the SDNY Order; or (iv) any confidential, proprietary, or commercially sensitive information that the Respondents believe in good faith will result in significant risk of competitive disadvantage or harm if disclosed without restriction upon use or further disclosure, or that affords the Respondents

an actual or potential economic advantage over others. If Respondents contend that they are bound by a separate confidentiality agreement, they shall provide a copy of such agreement, which shall be subject to the terms of this Stipulated Protective Order.

5. **Designating Confidential Information**

Respondents may designate as Confidential Information any Litigation Material (or copies thereof) that qualifies for protection under this Stipulated Protective Order at any time at or before the production of such material. Litigation Material that qualifies for protection under this Stipulated Protective Order may be designated CONFIDENTIAL INFORMATION, by affixing to each page or electronic file and each thing (including electronic, optical, magneto-optical, magnetic, etc. media) to which the designation applies the legend "CONFIDENTIAL," "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER," or other similar designation.

6. **Use Of Confidential Information**

a. CONFIDENTIAL INFORMATION shall be made available only to those persons identified as QUALIFIED PERSONS, as defined in Paragraph 7(a) herein.

b. Access to CONFIDENTIAL INFORMATION shall be permitted only to persons having access thereto under the terms of this Protective Order. No CONFIDENTIAL INFORMATION shall be permanently retained or stored at the offices or facilities of the Receiving Party after the conclusion of all of the Foreign Proceedings.

c. In the event that any QUALIFIED PERSON ceases to engage in the litigation of the Foreign Proceedings, access by such person to the CONFIDENTIAL INFORMATION shall be terminated, and the provisions of this Protective Order shall otherwise remain in full force and

effect as to such QUALIFIED PERSON.

7.  **Persons Permitted To Access Confidential Information**

The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Information to any person or entity except "QUALIFIED PERSONS." "QUALIFIED PERSONS" are defined as: (i) the Parties, counsel for the Parties, and employees of counsel for the Parties; (ii) individual employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary; (iii) the SDNY, the courts and investigating magistrates overseeing the Foreign Proceedings, authorities conducting investigations as part of the Foreign Proceedings, and mediators, experts, consultants, or arbitrators appointed by these courts; (iv) court reporters and recorders engaged for depositions, investigations, trial, and appellate or other proceedings; (v) those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents; (vi) consultants or experts retained by the Parties, but only after the proposed expert of consultant has executed an Agreement to Abide by Protective Order in the form attached hereto as Exhibit A; (vii) witnesses at depositions, trial, or other proceedings, to whom disclosure is reasonably necessary, except such witnesses shall not retain a copy of documents containing Confidential Information, except in connection with review of any transcript associated with the Foreign Proceeding; (viii) the author or recipient of the document (not including a person who received the document in the course of litigation); and (ix) other persons only by written consent of the Respondents or upon order of the Court and on such conditions as may be agreed or ordered.

10. **Depositions**

   a.    During the deposition of Mr. Heller, Respondents may designate information

disclosed as CONFIDENTIAL INFORMATION by so indicating on the record during the deposition. Respondents may also designate in writing, within thirty calendar days of receipt of the deposition transcript, specific pages of the transcript that are to be treated as CONFIDENTIAL INFORMATION. Until the thirty-day period has elapsed for a given transcript, the entire transcript shall be treated as CONFIDENTIAL.

11. **Use of Protected Information**

Nothing in this Protective Order shall prevent a Party from using any CONFIDENTIAL INFORMATION in a hearing, trial, proceeding, investigation, or appeal in the Foreign Proceeding, however Respondents and any Party may request of the tribunals before which the Foreign Proceedings are pending that those portions of the Foreign Proceedings, or access to the transcripts of the Foreign Proceeding, in which CONFIDENTIAL INFORMATION is to be disclosed be restricted to court personnel and QUALIFIED PERSONS.

12. **Procedure For Objection To Designation Of Litigation Materials As Protected Information**

a. At any time, any Petitioner may object in good faith to the designation of any Litigation Material as CONFIDENTIAL INFORMATION. Objection shall be made by providing counsel for Respondents with written notice of the reasons for objection. Respondents shall, within seven calendar days after receiving such written notice, advise the objecting Petitioner, in writing, of the basis for its designation. Within seven calendar days thereafter, Petitioner(s) and Respondents shall confer in a good faith effort to resolve the matter. Failing such resolution, the Receiving Party shall then have seven calendar days from that conference to apply to the SDNY for relief, or the objection is waived.

b. Notwithstanding any objections as described above, Litigation Material identified as CONFIDENTIAL INFORMATION shall be treated as such and shall be subject to the

provisions hereof unless and until: (i) the Respondents change or remove such designation in writing; or (ii) the SDNY orders Respondents to change or remove such designation. If Litigation Material was properly shown to a person who would not be entitled to see it as reclassified, that person shall be advised that the Litigation Material has been reclassified and instructed not to use the Litigation Material for any purpose.

    c.    The designation of an item as CONFIDENTIAL INFORMATION may be challenged by the procedures outlined in Paragraph 12(a) for any reason, including: (i) the information is or comes to be publicly disclosed in a publication; (ii) the information is or comes to be generally publicly known, (iii) the information is or comes to be otherwise known to the Parties without any breach of the confidentiality obligations set forth in this Protective Order; or (iv) the information has been otherwise disclosed in the Foreign Proceedings or to a Party. Any disclosure of CONFIDENTIAL INFORMATION under this Order shall not serve as a basis for challenging the designation of the CONFIDENTIAL INFORMATION in question.

14. **No Waiver Or Limitation**

Nothing in this Protective Order shall be construed to limit Respondents' use of its own documents, things, or information, nor shall anything in this Order prevent Respondents from disclosing its own CONFIDENTIAL INFORMATION to any person.

15. **Disclosures Beyond Protective Order**

Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order: (i) if the Respondents consent to such disclosure; (ii) if the SDNY, after notice to Respondents, allows such disclosure; or (iii) if Petitioner(s) become(s) obligated to disclose the information in response to a lawful subpoena, request, or other legal process, provided that Petitioners give written notice to counsel for the Respondents within three (3) business days of receiving such subpoena, request, or process and produces the subpoenaed information no sooner

than fourteen (14) days after providing written notice.

16. **Inadvertent or Unintentional Disclosure of Protected Information**

    a.    If any Litigation Material intended to be designated as CONFIDENTIAL INFORMATION is inadvertently or unintentionally disclosed without being marked in accordance with this Protective Order, the failure to so mark said Material shall not be deemed a waiver of its confidentiality.

    b.    If any CONFIDENTIAL INFORMATION is disclosed, inadvertently or otherwise, to a person other than a QUALIFIED PERSON then: (i) the person disclosing the information shall use its best efforts to retrieve the information and ensure that any copies thereof disclosed to such other person or party are promptly destroyed; (ii) such person shall be informed promptly of all the provisions of this Protective Order by the disclosing person; (iii) such person shall be identified immediately to Respondents; and (v) the person to whom disclosure was made shall be requested to sign an Agreement to Abide by Protective Order in the form of Exhibit A hereto. The signed Agreement shall be served on Respondents and the person to whom disclosure was made shall be advised that the Litigation Material is not to be used for any purpose.

    c.    Nothing in this Section shall affect Respondents' remedies under this Protective Order or otherwise for unauthorized disclosure of CONFIDENTIAL INFORMATION.

17. **Disposition of Protected Information at Conclusion of This Action**

    a.    At the conclusion of all of the Foreign Proceedings, Petitioners shall assemble and return to Respondents all originals and reproductions of any Litigation Material containing CONFIDENTIAL INFORMATION within sixty calendar days of the conclusion of all of the Foreign Proceedings. In lieu of returning Litigation Material identified as CONFIDENTIAL INFORMATION, Petitioners may destroy all material so designated within sixty calendar days of the conclusion of this Action, provided that Petitioners certify to Respondents in writing that it has

made a reasonable and good faith effort to destroy such materials, and that all such material has been destroyed to the best of its knowledge.

   b.   Notwithstanding Paragraph 17(a), counsel for Petitioners may retain a record including one copy of the following, regardless of whether or not CONFIDENTIAL INFORMATION is included: (i) its correspondence file; (ii) its pleadings file, including all briefs, memoranda, affidavits, supporting materials, and all papers served in the Foreign Proceedings; (iii) any briefs and appendices on appeal; (iv) all legal research memoranda and work product; (v) its file of deposition transcripts and accompanying exhibits; (vi) its file of hearing and trial transcripts and accompanying exhibits; and (vii) all documents otherwise filed, submitted, or served in the Foreign Proceedings.

18. **Survival of Obligations**

   a.   All of the provisions of this Protective Order shall survive the conclusion of the Foreign Proceedings, and shall continue to be binding after the conclusion of the Foreign Proceedings unless subsequently modified by agreement among Petitioners and Respondents or order of the SDNY.

   b.   The Foreign Proceedings shall be deemed "concluded" when all of the Foreign Proceedings have finally and completely terminated under the law of the forum in which the Foreign Proceedings are pending.

   c.   For purposes of enforcing this Protective Order and resolving any disputes arising hereunder, the SDNY retains jurisdiction indefinitely over Petitioners and Respondents.

19. **Relief From Protective Order**

   Entry of this Protective Order shall be without prejudice to the application by any person:

   a.   for relief from any restriction contained herein; or

   b.   for any order compelling or further restricting the production or use of any

Litigation Material.

The parties may amend or modify any provision of this Order by mutual agreement, which shall become effective when embodied in a written stipulation approved by the SDNY.

20. **Persons Bound**

This Order shall take effect when entered and shall be binding upon Petitioners, McKool Smith P.C., Respondents, Dontzin Nagy & Fleissig LLP, and persons made subject to this Order upon execution of Exhibit A.

**SO ORDERED.**

Dated: _November 18, 2015_
New York, New York

_____
U.S. District Judge

| MCKOOL SMITH, P.C. | DONTZIN NAGY & FLEISSIG LLP |
|---|---|
| By: _____ <br> Daniel W. Levy <br> One Bryant Park <br> 47th Floor <br> New York, New York 10036 <br> Tel: (212) 402-9400 <br><br> *Attorneys for Yves Bouvier and MEI Invest Ltd.* | By: Matthew S. Dontzin <br> David A. Fleissig <br> 980 Madison Avenue <br> New York, NY 10075 <br> Tel: (212) 717-2900 <br><br> *Attorneys for Respondents Sanford Heller, The Heller Group, LLC and Sanford Heller Fine Arts LLC* |

**EXHIBIT A**
**Qualified Persons**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of YVES BOUVIER and MEI INVEST LTD. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings. | Civil Action No. 15-mc-00312 |

**AGREEMENT TO ABIDE BY PROTECTIVE ORDER**

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____, and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I hereby acknowledge that I have read the "Stipulated Protective Order" ("PROTECTIVE ORDER") in this Action, that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

5. I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may receive or have already inadvertently received information designated as CONFIDENTIAL INFORMATION in this Action, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER. I agree not to reveal any CONFIDENTIAL INFORMATION or any notes containing CONFIDENTIAL INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use,

1

directly or indirectly, or allow the use of any CONFIDENTIAL INFORMATION for any purpose other than directly associated with my duties in this litigation.

6. I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflection CONFIDENTIAL INFORMATION in a container, cabinet, drawer, room or other safe place in a manner consistent with the PROTECTIVE ORDER. I understand that all copies of any such materials are to remain in my custody until the conclusion of this Action of the completion of my assigned duties, whereupon the copies are to be destroyed or returned to Sanford Heller, the Heller Group, LLC and Sanford Heller Fine Art LLC. Such return or destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER.

7. I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) who are necessary to assist me of the terms of the PROTECTIVE ORDER and of their obligation not to reveal any CONFIDENTIAL INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER.

8. I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Southern District of New York in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER. *I further recognize that, if I violate the PROTECTIVE ORDER in any manner, I may be subject to such sanctions as the Court on motion and after a hearing deems just.*

Signature: _____

Date: _____